08-4518-cv
*S. New England Tel. Co. v. Global NAPs Inc., et al.*

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 25th day of August, two thousand and ten.

PRESENT:

ROSEMARY S. POOLER,
PETER W. HALL,
DEBRA ANN LIVINGSTON,
　　　　　　　*Circuit Judges.*
_____

SOUTHERN NEW ENGLAND TELEPHONE CO.,

　　　　　　　*Plaintiff-Counter-Defendant-Appellee,*

　　　v.　　　　　　　　　　　　　　　　　(08-4518-cv)

GLOBAL NAPS INC.,

　　　　　　　*Defendant-Counter-Claimant-Appellant,*

FERROUS MINER HOLDINGS, LTD., GLOBAL NAPS NETWORKS, INC., GLOBAL NAPS NEW HAMPSHIRE, INC., GLOBAL NAPS REALTY, INC.,

　　　　　　　*Defendants-Appellants.*
_____

FOR DEFENDANTS-APPELLANTS:　　　JOEL DAVIDOW, Kile Goekjian Reed & McManus,

1

PLLC, Washington, D.C.; William J. Rooney, Jr., Jeffrey C. Melick, Global NAPs Inc., Norwood, Massachusetts.

FOR PLAINTIFF-APPELLEE: HANS J. GERMANN, Christian F. Binnig, Mayer Brown LLP, Chicago, IL; Scott A. Chesin, Mayer Brown LLP, New York, New York; Timothy P. Jensen, Hinckley, Allen & Snyder LLP, Hartford, Connecticut.

Appeal from a judgment of the United States District Court for the District of Connecticut (Janet C. Hall, *District Judge*).

UPON DUE CONSIDERATION, it is hereby ORDERED, ADJUDGED, and DECREED that the judgment of the district court be AFFIRMED.

Defendant-Appellant Global NAPs Inc. ("Global") appeals from various judgments and orders of the United States District Court for the District of Connecticut (Janet C. Hall, *J.*) rendered against it in its dispute with Plaintiff-Appellee Southern New England Telephone Co. ("SNET"). In an opinion filed contemporaneously with this order, we adjudicate the bulk of Global's claims. *See S. New England Tel. Co. v. Global NAPs Inc.*, –F.3d–, No. 08-4518-cv (2d Cir. ___ __, 2010). This order decides only Global's appeal of the district court's March 26, 2007, ruling granting in part SNET's motion for summary judgment on the merits of Count I of its complaint, which involved the claim that Global ordered certain telecommunications equipment from SNET pursuant to SNET's federal tariff and did not pay the applicable tariffed rate. *See S. New England Tel. Co. v. Global NAPs, Inc.*, 482 F. Supp. 2d 216 (D. Conn. 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case and with the issues presented for review.

"We review an award of summary judgment *de novo*, and will uphold the judgment if the evidence, viewed in the light most favorable to the party against whom [the judgment] is entered,

demonstrates that there are no genuine issues of material fact and that the judgment is warranted as a matter of law." *Global Network Commc'ns, Inc. v. City of N.Y.*, 562 F.3d 145, 150 (2d Cir. 2009). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment, and the mere existence of factual issues — where those issues are not material to the claims before the court — will not suffice to defeat a motion for summary judgment." *Demery v. Extebank Deferred Compensation Plan (B)*, 216 F.3d 283, 286 (2d Cir. 2000) (internal quotation marks, citation, and alteration omitted).

Though it challenges the district court's award of summary judgment, Global devotes precious little space in its opening brief to the complex issues surrounding this dispute, often simply referring summarily to an argument in one sentence when the issue in question was the subject of substantial and detailed litigation before the district court. We note that the parties have also not seen fit to include in the appendices filed with this Court their Local Rule 56(a)1 statements or other parts of the record relevant to the summary judgment motions. *Cf.* Fed. R. App. P. 30(a)(1)(D) (an appendix should include, *inter alia*, "parts of the record to which the parties wish to direct the court's attention"). Under most circumstances we consider arguments insufficiently raised in an appellant's initial brief to be waived on appeal, and a party's mere reference to an argument presented fully only to the district court ordinarily does not suffice to present the argument for our review. *See Norton v. Sam's Club*, 145 F.3d 114, 117 (2d Cir. 1998); *see also* Fed. R. App. P. 28(a)(9). Arguments raised for the first time in a reply brief are, of course, also waived. *Sam's Club*, 145 F.3d at 117.

Even on their merits, moreover, Global's arguments are unavailing. The district court granted SNET's motion for summary judgment with respect to twenty-one special access DS3

circuits. These circuits may be grouped based on their use: fifteen DS3 facilities transported Global "Foreign Exchange" ("FX") traffic, and six DS3s transported so-called "Voice over Internet Traffic" between New Haven and Hartford, Connecticut. Global contends that it was not obliged to provide seven of the circuits in the first category because, it says, these circuits transported traffic within the New Haven local calling area and thus did not fall within § 5.4.6 of the Interconnection Trunking Requirements Appendix of the parties' Interconnection Agreement ("§ 5.4.6 ").[1] Second, Global contends there were questions of fact precluding summary judgment regarding whether any of the services it procured from SNET were covered by SNET's tariff. We conclude, for substantially the reasons stated by the district court in its thorough and well-reasoned opinion, that no material issues of fact were in dispute and that summary judgment in SNET's favor was appropriate. Specifically, we agree with the district court that:

- The circuits provisioned by SNET were "Special Access Service" as provided by SNET's tariff, because the circuits in question "provide[d] a channel, or transmission path, to connect two or more customer premises," even though the circuits may not have physically terminated at a Global "premises." SNET Local Rule 56(a)(1) Statement ¶ 92, Doc. 283 (12/10/06) (quoting SNET Tariff F.C.C. No. 39 § 7.1).

- Global submitted Access Service Requests for the circuits in question, and whatever Global's subjective intent might have been in doing so was irrelevant to whether the services procured were tariffed services.

- Section 5.4.6 required that Global be "solely responsible" for transporting its foreign exchange traffic "between its foreign exchange . . . customer and [the] geographic area" corresponding to the NXX Code assigned to that customer. The intra-New Haven DS3s carried FX traffic, and Global was responsible for transporting that traffic "*between*" its customers and locations within the New Haven calling area. § 5.4.6. Global's interpretation of § 5.4.6 would contravene the contract's clear

---

[1] § 5.4.6 provides that "[i]f either Party uses its NXX Code to provide foreign exchange service to its customers outside of the geographic area assigned to such code, that Party shall be solely responsible to transport traffic between its foreign exchange service customer and such code's geographic area." SNET Local Rule 56(a)(1) Statement ¶ 9, Doc. 283 (12/10/06).

4

language that Global was "solely" responsible for such traffic, and none of the evidence Global attempted to proffer raised a genuine question of fact regarding this unambiguous language. *Cf. Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp.*, 595 F.3d 458, 467-68 (2d Cir. 2010) (under New York contract law, if contract language is unambiguous when the entire agreement is read in context, the agreement must be interpreted according to its terms without extrinsic evidence, and ambiguity does not exist merely because parties proffer differing interpretations in litigation).

Having conducted an independent and de novo review of the record, we conclude that the district court properly entered partial summary judgment in SNET's favor on Count I of SNET's complaint against Global. We have considered all appellants' remaining arguments and we conclude that they are without merit. For the foregoing reasons, the award of partial summary judgment of the district court in favor of SNET is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk